# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KHLOOD KHALIH SALAH,**<br><br>　　　　Plaintiff**,**<br><br>　　vs.<br><br>**CONTRA COSTA CHILDREN AND FAMILY SERVICES (CFS), ET AL.,**<br><br>　　　　Defendants**.** | CASE NO. 18-cv-00470-YGR<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE *SUA SPONTE*;**<br>**DENYING MOTION TO DISMISS AS MOOT;**<br>**VACATING HEARING**<br><br>Dkt. No. 36 |

Plaintiff Khlood Khalih Salah filed an amended complaint on May 4, 2018 ("FAC," Dkt. No. 28.) Defendant Contra Costa County ("County") filed its motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

In its motion, County raised the *Rooker-Feldman* doctrine as a basis for dismissal for lack of jurisdiction pursuant to Rule 12(b)(1). Under the *Rooker-Feldman* doctrine, a district court may not adjudicate an action which seeks to reverse or nullify a final state court judgment, nor may it adjudicate issues "inextricably intertwined" with issues adjudicated by the state court, such as claims that the underlying action violated a party's constitutional rights. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292-293 (2005). However, the *Rooker-Feldman* doctrine applies only to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **July 10, 2018**.

district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. It does not apply when the underlying state court proceedings have not concluded.

Here, the Court takes judicial notice of the fact that the underlying juvenile dependency proceedings are not final, and are the subject of pending appeal and writ proceedings.[2] Consequently, the *Rooker-Feldman* doctrine does not apply.

Nevertheless, the pendency of those proceedings raises related questions of abstention under *Younger v. Harris,* 401 U.S. 37, 49-53 (1971). *Younger* abstention arises from "strong policies counseling against the exercise of [federal] jurisdiction where particular kinds of state proceedings have already been commenced." *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 626 (1986). The policies underlying *Younger* abstention were "first articulated with reference to state criminal proceedings" but later recognized as being applicable to "civil proceedings in which important state interests are involved." *Moore v. Sims*, 442 U.S. 415, 423 (1979).

Thus, federal courts should abstain where: (1) state court proceedings are pending when the federal action is filed; (2) the proceedings implicate important state interests; and (3) the proceedings provide adequate opportunity to raise the federal claims. *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982); *M&A Gabaee v. Community Redevelop. Agency of City of Los Angeles,* 419 F.3d 1036, 1039 (9th Cir. 2005). Because of the important policies underlying the doctrine, *Younger* abstention may be raised *sua sponte* by the federal court at any time. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

Again, the juvenile dependency proceedings that are the basis for all of plaintiff's claims are still pending on appeal in the state appellate court. Thus, the instant action meets the first

---

[2] Plaintiff alleged that the juvenile dependency proceedings were filed as Contra Costa Superior Court Case No. JV1600075. (FAC ¶ 4.) That matter is the subject of three appellate proceedings, currently pending as of the date of this order, in California's First District Court of Appeal: Case Nos. A152136, *Contra Costa County Children & Family Services Bureau v. K.S.*; A152648, *Contra Costa County Children & Family Services Bureau v. K.S.*; and A154102, *In re Y.G. et al.*

requirement for *Younger* abstention. Moreover, the Supreme Court has held that child welfare and custody issues implicate important state interests, meeting the second criterion. *Moore,* 442 U.S. at 435 (abstention and dismissal proper where federal action challenged state child abuse statutes based upon "compelling state interest in quickly and effectively removing the victims of child abuse from their parents"); *see also H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 612–14 (9th Cir. 2000) (pending state custody proceedings were "precisely the type of case suited to *Younger* abstention"). Finally, the Supreme Court has held that state judicial processes were sufficient for "deciding the constitutional questions that may arise in child-welfare litigation." *Id.* State court proceedings are *presumed adequate* to raise the federal claim "in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 15 (1987). Plaintiff bears the burden of showing that the state court proceedings bar the federal claims she alleges here. *See Communications Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (citing *Pennzoil*, 481 U.S. at 14).

The FAC alleges that the Court has jurisdiction over the action based upon federal question under 28 U.S.C. section 1331, because it alleges claims implicating the Constitution of the United States, and federal laws such as 42 U.S.C. section 1983. Plaintiff further alleges the Court has supplemental jurisdiction over her state common law causes of action, including fraud, malpractice, and intentional infliction of emotional distress, pursuant to 28 U.S.C. section 1367.[3]

Under the *Younger* abstention doctrine, the Court finds that dismissal is appropriate as to plaintiff's claims for violation of her constitutional rights under 42 U.S.C. section 1983 and *Monell*. Because those claims form the only basis for the Court's jurisdiction over her remaining state common law claims (such as her claims for malpractice and fraud against her former attorney, and for abuse of process and malicious prosecution against her ex-husband), the Court likewise finds dismissal of those claims appropriate.

---

[3] In addition, plaintiff identified certain "placeholder" claims in her FAC, which she alleged were "to be amended," including a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and two state common law claims. Because the federal ADA claim was not alleged beyond this placeholder, it does not affect the Court's decision herein.

3

Based upon the foregoing, the Court **DISMISSES** the First Amended Complaint *sua sponte* based upon *Younger* abstention with respect to the constitutional claims, and for lack of a basis for supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. section 1367(c). This dismissal is without prejudice.

Defendant County's motion to dismiss is, therefore, **DENIED AS MOOT**.

This terminates Docket No. 36.

**IT IS SO ORDERED.**

Dated: July 2, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**