**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KHLOOD KHALIH SALAH,** | CASE NO. 18-cv-00470-YGR |
| Plaintiff**,** | **ORDER GRANTING IN PART MOTION FOR RECONSIDERATION, VACATING DISMISSAL AND STAYING ACTION;** |
| vs. | **SETTING COMPLIANCE HEARING RE: STATUS OF STAY** |
| **CONTRA COSTA CHILDREN AND FAMILY SERVICES (CFS), ET AL.,** | Dkt. No. 56 |
| Defendants**.** | |

The Court, having carefully considered the motion (Dkt. No. 56) of plaintiff Khlood Khalih Salah for reconsideration of its July 2, 2018 Order Dismissing Action Without Prejudice *Sua Sponte* (Dkt. No. 48), and the opposition thereto, and for the reasons stated herein, **ORDERS** that the motion is **GRANTED IN PART**.[1]

For the reasons stated in the Court's July 2, 2018 Order, under the principles stated in *Younger v. Harris,* 401 U.S. 37, 49-53 (1971), abstention is proper here. The Court agrees that, because two of plaintiff's federal claims are claims for damages subject to a two-year statute of limitations, a stay of the action pending resolution of the state court proceedings, rather than dismissal without prejudice, is appropriate. *See Gilbertson v. Albright,* 381 F.3d 965, 981 (9th Cir. 2004) ("when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from exercising jurisdiction *temporarily* by staying its hand until such time as the state court is no longer pending").

Plaintiff establishes no basis for an exception to abstention here, either for bad faith prosecution, "imminent danger," or "irreparable harm." Plaintiff offers no evidence to support the

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for September 25, 2018.

alleged bad faith of the County employees. It does not appear that any decision on the civil rights claims herein would impact plaintiff's ability to obtain the return of the child taken from her custody. While plaintiff's first amended complaint seeks injunctive relief to prevent defendants from taking any further action to terminate her custody rights to her son, including any action to adopt her son (First Amended Complaint, Dkt. No. 28, ¶ 164), plaintiff also alleges that her rights have been terminated already (*id*. ¶ 156).

Based upon the foregoing, the dismissal of the action pursuant to this Court's Order of July 2, 2018 is **VACATED**. The Court **AMENDS** its prior order of July 2, 2018, to provide that the action herein is **STAYED** pending the final disposition of the state court proceedings.[2]

Accordingly, the Clerk is directed to **REOPEN** the case and designate the same as **STAYED**.

The Court **SETS** a compliance hearing regarding the status of the state court proceedings and continued stay **for December 14, 2018, at 9:01 a.m**., U.S. District Courthouse, 1301 Clay Street, Oakland. Five business days prior, the parties shall file a **joint** statement regarding the status of the state proceedings and the propriety of continuing the stay. If a statement is timely filed, the compliance hearing will be vacated, and no appearance will be required. Should the state proceedings terminate sooner, the parties may submit a joint stipulation to terminate the stay.

This terminates Docket No. 56.

**IT IS SO ORDERED.**

Dated: September 21, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Plaintiff alleged that the juvenile dependency proceedings giving rise to her claims in this action were filed as Contra Costa Superior Court Case No. JV1600075. (FAC ¶ 4.) That matter was the subject of three appellate proceedings in California's First District Court of Appeal, Case Nos.: A152136, *Contra Costa County Children & Family Services Bureau v. K.S.* (judgment terminating parental rights affirmed); A152648, *Contra Costa County Children & Family Services Bureau v. K.S.* (judgment terminating parental rights affirmed June 28, 2018); and A154102, *In re Y.G. et al.,* (habeas corpus petition summarily denied as procedurally barred). The Court of Appeal issued its decisions on June 28, 2018. Plaintiff filed a consolidated petition for review of Court of Appeal Cases A152136 and A152648 on August 8, 2018 2018 (Cal. Supreme Court Case No. S250473) and as to the habeas petition, a petition for review on July 31, 2018 (Cal. Supreme Court Case No. S249906). The Court is informed that the California Supreme Court has not yet ruled on the petitions for review.